CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 05, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE  DIVISION

| | | |
|---|---|---|
| **CONRAD ALEXANDER BURKE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26CV00439 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SUPERINTENDENT** | ) | JUDGE JAMES P. JONES |
| **KIMBERLY HAUG, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

*Conrad Alexander Burke, Pro Se Plaintiff.*

The plaintiff, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, challenging conditions of his confinement.  Upon consideration of Burke's Complaint, I conclude that it must be summarily dismissed for failure to state a claim upon which relief can be granted.[1]

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted."  To state a claim under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation

---

[1] Although Burke has paid the entire filing fee, the court may dismiss a civil action brought by a prisoner "notwithstanding any filing fee, or any portion thereof, that may have been paid . . . at any time" upon a determination that the action "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(2)(A)(ii).

resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eighth Amendment prohibits the infliction of cruel and unusual punishments and governs "the treatment a prisoner receives in prison and the conditions under which he is confined." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). To state an Eighth Amendment claim, an inmate plaintiff must prove two elements: (1) that the alleged deprivation is objectively "sufficiently serious" and (2) that the jail officials' state of mind was one of "deliberate indifference" to inmate health or safety. *Farmer*, 511 U.S. at 834.

Burke's claims regarding his conditions of confinement are insufficient to satisfy the *Farmer* test. He alleges that he was placed in a cell where he remains for twenty-three hours per day without an emergency call button or table and stool affixed to the wall for eating meals. Thus, he cannot immediately call an official if needed and he cannot eat without spilling food on his bed or clothes. Certainly, "the Eighth Amendment imposes a duty on prison officials to 'provide humane conditions of confinement . . . [and] ensure that inmates receive adequate food, clothing, shelter, and medical care.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). However, "the constitutional prohibition against the infliction of cruel and unusual punishment 'does not mandate comfortable prisons'" and "ordinary discomfort

accompanying prison life is part and parcel of the punishment those individuals convicted of criminal offenses endure as recompense for their criminal activity." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); *see also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) ("To the extent that such conditions [in prison] are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."). The deprivations that Burke has described are not so sufficiently serious to amount to an Eighth Amendment violation.[2] At a minimum, the inmate must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). Instead, Burke illustrates eating meals while sitting on his bed, an ordinary discomfort associated with incarceration. And, although he posits that he may be unable to call for an official in the event he has a medical issue, such a hypothetical claim cannot survive.

Furthermore, Burke has not adequately pled that the named defendants were deliberately indifferent to his health or safety. While he states that he suffers from chronic pain, scoliosis, hip dysplasia, and arthritis, he has not alleged that the

---

[2] To the extent that Burke challenges his isolated confinement, the Fourth Circuit has held that confinement in restrictive high-security segregation housing, alone, does not constitute cruel and unusual punishment under the Eighth Amendment. *See In re Long Term Admin. Segregation, etc.*, 174 F.3d 464, 471 (4th Cir. 1999).

-3-

defendants disregarded an excessive risk to his health or safety. *See Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) ("An official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively 'knows of and disregards an excessive risk to inmate health or safety.'") (quoting *Farmer*, 511 U.S. at 837)).  Even so, Burke has not alleged any personal involvement by the defendants named as it pertains to cell conditions in order to properly assess their subjective knowledge. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights").

Where Burke does name the defendants within the body of the Complaint, he only describes their mishandling of his grievances.  However, inmates do not have a constitutionally protected right to participate in a prison or jail grievance procedure. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).  Consequently, a jail official's failure to comply with the jail's grievance procedure does not violate any constitutionally protected right. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). To the extent that Burke seeks to hold the defendants liable under § 1983 for not following the jail's grievance procedures, I must dismiss such claims.

Accordingly, Burke's Complaint will be dismissed under 42 U.S.C. § 1997e(c)(1) for failure to state a claim upon which relief can be granted.  A separate Judgment will be entered.

ENTER:   June 5, 2026

/s/  JAMES P. JONES
Senior United States District Judge